

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERNESTINE STARR, | 3:09-CV-00592-RCJ-(VPC) |
| Plaintiff, | **ORDER** |
| v. | |
| LOWE'S HIW, INC., | |
| Defendant. | |

Plaintiff Ernestine Starr, ("Plaintiff"), filed the present personal injury action against Defendant Lowe's HIW, Inc., ("Defendant"), in state court and Defendant removed. Presently before the Court is Plaintiff's Motion to Remand (#9). Defendant opposed the motion (#12) and Plaintiff replied (#15). The Court held a hearing on the motion on April 1, 2010. The Court now issues the following order. IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#9) is DENIED.

## I. BACKGROUND

On June 27, 2007, Plaintiff was injured while shopping at Defendant's store. (Pl.'s Mot. to Remand (#9) 2:12–14). On June 17, 2009, Plaintiff sued Defendant in state court. (*Id.* at 2:19–22). On October 5, 2009, Defendant removed the action to this Court based on diversity jurisdiction. (Pet. for Removal (#1)). Plaintiff now moves to remand back to state court, alleging that Defendant has failed to show that this case meets the amount in controversy standard for diversity jurisdiction. (Pl.'s Mot. to Remand (#9)).

## II. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979)). The defendant always has the burden of establishing that removal is proper. *Gause*, 980 F.2d at 566.

## III. ANALYSIS

Diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff contends that Defendant has failed to establish that the amount in controversy in this case exceeds $75,000.[1]

When a plaintiff has alleged a specific amount in controversy in his complaint, his allegation is given weight. In actions originally brought in state court, a plaintiff has no incentive to inflate his damages to achieve diversity jurisdiction. Therefore, if a plaintiff brings an action in state court and alleges an amount in controversy greater than the minimum for diversity jurisdiction, a diverse defendant may remove to federal court unless there is a legal certainty that plaintiff will not recover an amount above the minimum for diversity jurisdiction. Because a plaintiff may inflate his damages to achieve diversity jurisdiction in actions originally brought in federal court, if a plaintiff brings an action in federal court and alleges *in good faith* an amount in controversy greater than the minimum for diversity jurisdiction, the court may only dismiss the action if the diverse defendant shows that there is a legal certainty that the plaintiff will not recover an amount above the minimum for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).

///

---

[1] The parties do not contest complete diversity of citizenship.

Where a plaintiff has not alleged a specific amount in controversy, the defendant claiming removal jurisdiction bears the burden of establishing a sufficient amount in controversy by a preponderance of the evidence. *Id.* at 404; *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1145 (D. Nev. 2004). The defendant cannot rely on bare allegations. He must produce evidence to support a sufficient amount in controversy for diversity jurisdiction. *See Sanchez*, 102 F.3d at 405; *McCaa*, 330 F. Supp. 2d at 1146. A complaint that prays for damages "in excess of $10,000.00" does not specify an amount in controversy greater than the minimum for diversity jurisdiction and thus a removing defendant bears the burden of proving a sufficient amount in controversy by the preponderance of the evidence. *McCaa*, 330 F. Supp. 2d at 1146. Because Nevada law does not allow a plaintiff to plead specific damages greater than $10,000, no adverse inference should be taken from a plaintiff's failure to specifically plead damages above $10,000 but below the minimum for diversity jurisdiction. *Id.* at 1150.

A plaintiff's claims for punitive damages and attorney's fees may be included in the total used to satisfy the minimum amount for diversity jurisdiction. *Id.* at 1148–50. However, defendant must produce evidence to show that plaintiff is more likely than not to recover punitive damages or attorney's fees. *Id.* A defendant may use the amount a plaintiff attached to his claim in a settlement demand letter as evidence that the amount in controversy exceeds the minimum for diversity jurisdiction. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). When the settlement demand is reasonable and the plaintiff does not contend that the amount assigned to his claim in his demand letter was inflated or dishonest, the defendant can meet his burden based on the demand letter alone. *Id.*; *but see Fitzpatrick v. Dufford*, No. Civ. A. 5:05CV128, 2006 WL 839513, at *3–4 (N.D. W. Va. March 28, 2006) (holding that plaintiffs' settlement demand for $100,000 was insufficient to establish that the amount in controversy exceeds the jurisdictional minimum when plaintiffs were currently demanding $70,000).

Defendant must establish diversity jurisdiction in his petition for removal. He cannot rely on mere conclusory allegations in his petition that the amount in controversy exceeds the jurisdictional minimum. The removing defendant must rely on underlying facts in his petition.

3

However, the district court may, at its discretion, treat facts and argument raised by a defendant in an opposition to a motion to remand after removal as an amendment to the original petition for removal. *Cohn*, 281 F.3d at 840 n.1.

Plaintiff's complaint alleges "compensatory damages in excess of $10,000.00." (Pet. for Removal (#1) Ex. 1 at 4:17). Therefore, Defendant must show that the amount in controversy more likely than not exceeds $75,000 to establish diversity jurisdiction. In Defendant's petition for removal, it made only conclusory allegations that "all of the information taken together suggests that it is more probable than not that the amount in controversy exceeds $75,000.00" and "the amount in controversy appears to exceed $75,000.00." (Pet. for Removal (#1) 1:27–28, 2:6–7). But, in its opposition to Plaintiff's motion to remand, Defendant suggests that the amount in controversy is likely greater than $75,000 because Plaintiff made a settlement demand on Defendant for $150,000. (Def.'s Opp'n (#12) 2:10–11, Ex. A). Defendant also points to the nature of Plaintiff's claims: $29,617.05 in medical bills, future medical expenses, lost income, and past and future physical injuries and mental anguish.[2] (Def.'s Opp'n (#12) 1:28–2:9). Plaintiff counters that Defendant rejected her settlement offer and thus places no value on her claim. (Pl.'s Reply (#15) 2:17–18).

Plaintiff asserts that the value of her claim is difficult to determine, but has not attempted to show that her demand for $150,000 was inflated or unreasonable. That Defendant rejected Plaintiff's settlement offer does not imply that Defendant thinks the amount in controversy is zero. Rather, it implies that Defendant either wishes to continue litigating the case or hopes to settle for a lesser amount. Defendant has shown by the settlement offer that it is more likely than not that the amount in controversy is greater than $75,000. Plaintiff has

///
///
///
///

---

[2] At the hearing, Plaintiff's counsel indicated that Plaintiff, as a retiree, suffered no damage from lost income.

offered nothing to dispute this. Though Defendant failed to include this factual argument in its petition for removal, the Court treats Defendant's opposition as amending the petition for removal. Therefore, the Court has jurisdiction based on diversity and Plaintiff's motion to remand is denied.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion for Remand (#9) is DENIED.

DATED: This 21st day of April, 2010.

_____
Robert C. Jones
UNITED STATES DISTRICT JUDGE